JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Republic First Bancorp, Inc.

**DEFENDANTS**
Great American Security Insurance Company

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cuyahoga County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ciardi Ciardi & Astin, 1905 Spruce Street
Phila., PA 19103 (215) 557-3550

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $9,381,357.31

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* SEE ATTACHED
JUDGE _____  DOCKET NUMBER _____

DATE: 12/30/25
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

- **I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
- **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
- **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

- **II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

- **III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

- **IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

- **V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

- **VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

- **VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

- **VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Exhibit "A"

1. *In re Republic First Bancorp, Inc.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (Case No. 24-12991-AMC).

2. *In re Hill, et al. v. Andrew B. Cohen, Lisa Jacobs, Harry D. Madonna and Harris Wildstein* pending in the United States District Court for the Eastern District of Pennsylvania (Case No. 2:22-cv-01924-PSD).

3. *In re Driver Opportunity Partners I, LP v. Cohen et al.* pending in the United States District Court for the Eastern District of Pennsylvania (Case No. 2:22-cv-01694-PSD).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REPUBLIC FIRST BANCORP, INC., | CIVIL ACTION NO. |
| *Plaintiff*, | |
| v. | |
| GREAT AMERICAN SECURITY INSURANCE COMPANY, | **COMPLAINT** <br> JURY TRIAL DEMAND |
| *Defendant*. | |

Plaintiff Republic First Bancorp, Inc. ("Republic" or "Plaintiff"), by and through undersigned counsel, as and for its Complaint against Defendant Great American Security Insurance Company (the "Defendant"), hereby alleges as follows based on knowledge of its own actions, and on information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is a case about the bad faith denial or limitation of coverage by the Defendant that damaged the Plaintiff in an amount in excess of $9,000,000 in advanced defense costs and indemnification obligations as well as damages that are the direct result of the Defendant's bad faith.

2. As detailed in the Plaintiff's February 4, 2025 demand letter directed to the Defendant (the "Demand Letter"), subsequent to the submission of the Claims[1] to the Insurer under the Policy and the receipt of the Denial of Coverage letters, defined *infra*, the Federal Deposit Insurance Company ("FDIC") seized and sold the bank assets of the Insured and the

---

[1] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Directors & Officers Liability Policy No. DNOE415840 (the "Policy"). Moreover, the Plaintiff may choose to highlight certain of the defined terms contained in the Policy, but this list is not meant to be exhaustive and the Policy definitions nonetheless control.

Insured filed a petition for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, as amended. *See* **Exhibit A**, Demand Letter.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.

4. Diversity of citizenship exists because Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is a citizen of the State of Ohio.

5. Because the above-captioned civil action is proximately related to and will necessarily affect the bankruptcy estate of the Plaintiff in this matter, this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1334(b), as the Plaintiff's chapter 11 bankruptcy proceeding is currently pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

6. Further, Defendant intentionally conducts business in this Judicial District and, upon information and belief, maintains the licenses necessary to do so.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Judicial District because the Plaintiff is headquartered in this Judicial District and because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## PARTIES

8. Plaintiff Republic First Bancorp, Inc. is a Pennsylvania Corporation with its principal place of business located in Philadelphia, Pennsylvania.

9. On August 27, 2024 (the "Petition Date"), the Plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code")

2

in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") identified as case number 24-12991(AMC).

10. Upon information and belief, Defendant is an insurance company organized and existing under the laws of the State of Ohio and having its principal place of business in Cincinnati, Ohio. Upon information and belief, Defendant is authorized to and does conduct insurance business in the Commonwealth of Pennsylvania.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. The Plaintiff is a holding company for Republic First Bank, a federally insured bank that was closed by the FDIC in the first quarter of 2024.

12. As part of its operations, the Plaintiff maintained directors and officers liability insurance for itself and its subsidiaries.

13. The Plaintiff's Directors & Officers Liability Policy Number DNOE415840 is attached to the Complaint as **Exhibit B** and incorporated herein by reference.

14. Under the Policy, the Named Insureds are: Republic First Bancorp, Inc., Republic Capital Trust II, Republic Capital Trust III, Republic First Bancorp Capital Trust IV, Republic First Bank, and Oak Mortgage Company. *See* **Exhibit B**.

15. Under the Policy, the Policy Period was from 12:01 a.m. on October 1, 2021 to 12:01 a.m. on October 1, 2022. *Id*.

16. Under the Policy, "Insured" means the Insured Persons or the Company. *Id.*

17. Under the Policy, "Company" means the entity or entities set forth in Item 1 of the Declarations, any Subsidiary created or acquired as of the inception date set forth in Item 2 of the Declarations, and, subject to Section XI (B), any bank Subsidiary created or acquired during the Policy Period. *Id*.

3

18. Under the Policy, "Claim" means any of the following instituted against an Insured Person or against the Company, but only to the extent coverage is granted to the Company:

>    1) a written demand, other than a Special Committee Inquiry Demand or a Books and Records Request for monetary damages or non-monetary relief that is received during the Policy Period or, if applicable, Extended Reporting Period, by an Insured Person or the Company (but only to the extent coverage is granted to the Company);
>
>    2) a civil proceeding commenced by the service of a complaint or similar pleading;
>
>    3) a criminal proceeding commenced by a return of an indictment;
>
>    4) an arbitration or mediation proceeding in which monetary damages are sought;
>
>    5) a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, a formal investigative order, or similar document;
>
>    6) with respect to Insuring Agreement D only, a Special Committee Inquiry Demand or a Books and Records Request, that is received during the Policy Period or, if applicable, Extended Reporting Period; or
>
>    7) a written request to toll or waive a statute of limitations, relating to a potential Claim described in Subsections (1) through (6) above, that is received and reported during the Policy Period or, if applicable, Extended Reporting Period, by an Insured Person or the Company (but only to the extent coverage is granted to the Company) for a Wrongful Act, including any appeals from such proceedings. *See* **Exhibit B**.

19. Under the Policy, "Wrongful Act" means any actual or alleged error, omission, misstatement, misleading statement, neglect or breach of duty by:

>    1) any Insured Person in the discharge of their duties while acting solely in the capacity as such;
>
>    2) any Insured Person while acting solely in the capacity as director, officer, or member of the board of trustees of a not-for-profit entity pursuant to Section II(B); or
>
>    3) the Company, but only to the extent that coverage is granted to the Company by an Insuring Agreement made a part of this Policy.

4

*See* **Exhibit B**.

20. Under the Policy, "Defense Costs" are defined as "...reasonable and necessary fees, costs, charges, expenses, including attorney's fees, expert's fees, mediator's fees, e-discovery consultant's fees, e-discovery costs, and premiums for an appeal bond or similar bond, incurred by or on behalf of an Insured with the Insurer's prior written consent in investigating or defending any covered claim." *See* **Exhibit B.**

21. The Policy does not further define, qualify or limit what constitutes "reasonable and necessary fees" or "attorney's fees."

22. The "Insurer's Litigation Management Guidelines" document referenced in the Denial of Coverage Letters, defined *infra*, is not a part of the Policy. *Id.*

23. Under the Policy, "Books and Records Costs" means any reasonable costs, charges and fees incurred by the Company in response to a Books and Records Request, such fees, costs and charges not to include regular or overtime wages, salaries or fees of Insured Persons. *Id.*

24. Under the Policy, "Investigative Costs" means reasonable and necessary fees (including attorney's fees and expert's fees) and expenses (other than wages, salaries, fees or benefits of the directors, officers or employees of the Company) incurred by the Company (including its Board of Directors or any committee of its Board of Directors) in investigating or evaluating on behalf of the Company whether it is in the best interest of the Company to prosecute the claims alleged in a Special Committee Inquiry Demand. *Id.*

25. Under the Policy, "Securities Claim" means a Claim, other than a Special Committee Inquiry Demand or a Books and Records Request:

> 1) against an Insured for a violation of any securities law, but solely in connection with the securities of the Company'

5

   2) against an Insured for a common law cause of action, pled in tandem with, or in lieu of, any securities law violation described in Subsection (1) above and brought by:

   a. a security holder of the Company with respect to his interest in the securities of the Company brought directly or derivatively; or

   b. any person or entity in connection with the purchase, sale or offer to purchase to sell securities of the Company; or

   3) brought by or on behalf of the Company seeking a motion to dismiss a derivative action.

*Id.*

26. Plaintiff submitted Claim Number GADN22318 and Claim Number GADN23667 to Defendant in a timely manner, during the Policy Period.

27. Claim Number GADN22318 and Claim Number GADN23667 represent fees and costs incurred by an Insured under the Policy in connection with the following litigation:

   A. *George E. Norcross, III, Gregory B. Braca, and Phillip A. Norcross v. Vernon W. Hill II, et al.* pending in the Court of Common Pleas of Philadelphia County (Case No. 220300955) (the "Norcross Litigation");

   B. *Hill, et al. v. Andrew B. Cohen, Lisa Jacobs, Harry D. Madonna and Harris Wildstein* pending in the United States District Court for the Eastern District of Pennsylvania (Case No. 2:22-cv-01924;

   C. *George E. Norcross III, et al. v. Republic First Bancorp, Inc.* pending in the Court of Common Pleas of Philadelphia County (Case No. 220303030);

   D. *Driver Opportunity Partners I, LP v. Cohen et al._* pending in the United States District Court for the Eastern District of Pennsylvania (Case No. 2:22-cv-01694) (the "Driver Litigation");

   E. *Barry Spevak and Vernon W. Hill, II v. Lisa Jacobs, Harry Madonna, Harris Wildstein and Republic First Bancorp, Inc.* pending in the Court of Common Pleas of Philadelphia County (September 2022 Term, Case No. 001684);

   F. *George E. Norcross, III, et al. v. Republic First Bancorp, Inc., Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B.*

6

*Bartholow and Benjamin C. Duster, IV* pending in the Court of Common Pleas of Philadelphia County (November 2022 Term, Case No. 2195); and

G. *George E. Norcross, et al. v. Harry Madonna, et al.* pending in the Court of Common Pleas of Philadelphia County (Case No. 230600244).

Items A through G will be collectively referred to herein as the "Litigation".

28. As a result of the Litigation, Plaintiff or its subsidiaries advanced approximately $9,381,357.31 in defense costs covered by the Policy and submitted Claims to the Defendant with evidence of the same that included but is not limited to invoices and billing records from counsel of record in the Litigation.

29. Plaintiff has not been reimbursed by the Defendant for the $9,381,357.31 it advanced in defense costs covered by the Policy and Plaintiff received the following coverage denial or coverage limitation letters from the Defendant related to Claim Number GADN22318 and Claim Number GADN23667:

> 1) July 6, 2022 letter Re: Claim No. GADN22318, Matter: Shareholder Demands for Books and Records;
>
> 2) October 10, 2022 letter Re: Claim No. GACN22318, Matter: Shareholder Demands for Books and Records;
>
> 3) October 27, 2022 letter Re: Claim No. GADN22318, Matter: Shareholder Demands for Books and Records;
>
> 4) March 6, 2023 letter Re: Claim No. GADN22318, Matter: *Barry Spevak and Vernon W. Hill, II v. Lisa Jacobs, Harry Madonna, Harris Wildstein and Republic First Bancorp, Inc.*, Philadelphia County Court of Common Pleas, Sept. 2022, No. 001684 ("*Hill-Spevak Lawsuit*");
>
> 5) May 9, 2023 letter Re: Claim No. GADN22318, Matter: *George E. Norcross, III, et al. v. Republic First Bancorp, Inc., Harry Madonna, Andrew B. Cohen, Lisa Jacobs, Harris Wildstein, Peter B. Bartholow and Benjamin C. Duster, IV* ("*Norcross Voting Rights Suit*");
>
> 6) June 20, 2023 letter Re: Claim No. GADN23667, Matter: *Barry Spevak and Vernon W. Hill, II v. Lisa Jacobs, Harry Madonna, Harris*

7

*Wildstein and Republic First Bancorp, Inc.*, Philadelphia County Court of Common Pleas, Sept. 2022, No. 001684 ("*Hill-Spevak Lawsuit*");

7) August 18, 2023 letter <u>Re</u>: Claim No. GADN22318, Matter: *George E. Norcross, III, et al. v. Harry Madonna, et al.*, Philadelphia County Court of Common Pleas, Case No. 230600244 ("*Derivative Action*"); and

8) September 20, 2023 letter <u>Re</u>: Claim No. GADN23667, Matter: *Barry Spevak and Vernon W. Hill, II v. Lisa Jacobs, Harry Madonna, Harris Wildstein and Republic First Bancorp, Inc.*, Philadelphia County Court of Common Pleas, Sept. 2022, No. 001684 ("*Hill-Spevak Lawsuit*").

Items 1 through 8 are collectively referred to herein as the "Denial of Coverage Letters").

30. On November 20, 2023, general counsel for Republic Bank (the "Bank"), Brian Doran, Esq., responded to Defendant's letters, dated May 9, 2023 and August 18, 2023 related to Claim No. GADN22318, and disputed the characterization and conclusions therein.

31. In his November 20, 2023 letter, Mr. Doran advised the Defendant of inconsistencies in its logic and application of existing facts to the Policy and requested "that the amount of $2,600,155.43 constituting Defense Costs incurred by or on behalf of an Insured, and paid by the Bank, and to date not reimbursed by Great American, be paid by Great American not later than December 15, 2023."

32. No payment was ever made by the Defendant in response to the November 20, 2023 letter from Mr. Doran. Nor was any payment made by the Defendant to the Plaintiff on account of outstanding payments owed on Claim No. GADN22318 and Claim No. GADN23667.

33. Because of the Defendant's bad faith denials and limitations of coverage in connection with the Litigation, the Plaintiff was left in an untenable situation in which its assets were seized by the FDIC and it ultimately had to file for chapter 11 bankruptcy protection.

34. Defendant took positions based upon documents outside of the Policy.

35. Defendant took positions contrary to the law in the Commonwealth of Pennsylvania.

36. Defendant's actions resulted in the failure of the Bank and the Plaintiff's ultimate chapter 11 bankruptcy filing.

### FACTS APPLICABLE TO THE THIRD CAUSE OF ACTION

37. Throughout the first half of 2022, Vernon Hill ("Hill"), Brian Tierney ("Tierney"), and Barry Spevak ("Spevak," and together with Hill and Tierney, the "Former Directors"), each of whom is a former director of the Plaintiff, defended themselves against various legal and investigative proceedings that arose as a result of their status as directors of the Plaintiff.

38. Specifically, two separate groups of investors in the Plaintiff (aided by a faction of allegedly self-interested members of the Plaintiff's Board) embarked on a coordinated campaign to oust the Former Directors in pursuit of a strategy designed to enrich themselves at the expense of the Plaintiff's shareholders.

39. The relevant proceedings involving the Plaintiff and the Former Directors included the Norcross Litigation, the Driver Litigation and an matter known as the "WilmerHale Investigation" (collectively, the "Indemnified Matters"). *See* Paragraph 27, items A and D, *infra*.

40. Consequently, the Former Directors were forced to personally incur attorneys' fees, costs, and expenses in their capacity as the Plaintiff's directors in connection with the Indemnified Matters, by retaining Holland & Knight LLP ("H&K") as their counsel for the Indemnified Matters. On March 16, 2022, the Former Directors notified the Plaintiff in writing of the Plaintiff's obligation to indemnify the Former Directors with respect to the Indemnified Matters pursuant to Article V of the Amended and Restated By-Laws of the Plaintiff (the "By-Laws") and, necessarily, the Policy.

9

41. Shortly thereafter, the Plaintiff paid the Former Directors $791,347.50 for attorneys' fees and expenses incurred in the defense of the Former Directors in the Indemnified Matters.

42. However, the Plaintiff refused to comply with any of its subsequent advancement obligations top the Former Directors, attempting to condition advancement of costs and expenses on the provision of certain additional information, which was not required by the By-Laws or prevailing Pennsylvania law, that would have resulted in a waiver of the attorney-client privileges belonging to the Former Directors.

43. The Indemnified Matters have all concluded, and the Former Directors are no longer affiliated with the Plaintiff. The Former Directors have been totally vindicated under any and all of the Indemnified Matters, and no further litigation or investigation is pending against or relating to the Former Directors. However, because they were acting in their capacities as directors or officers of the Plaintiff at all times relevant to the Indemnified Matters, the Former Directors are entitled to mandatory indemnification of the attorneys' fees, costs, and expenses personally incurred in connection with the Indemnified Matters.

44. On April 6, 2023, the Former Directors, by and through H&K as their counsel, issued a demand for arbitration upon the Plaintiff (the "Arbitration" and the "Arbitration Demand," respectively), seeking payment in excess of $670,000 for the attorneys' fees, costs, and expenses the Former Directors personally incurred in connection with the Indemnified Matters and for which the Plaintiff is required to pay under the By-Laws and the Policy (the "Attorneys' Fees"). The Arbitration has been stayed as a result of the automatic stay that went into effect upon the commencement of the Plaintiff's bankruptcy case.

45. On June 4, 2025, H&K filed a motion in the Plaintiff's bankruptcy case entitled the

*Motion to Determine the Automatic Stay Inapplicable or, in the Alternative, for Relief from the Automatic Stay Authorizing the Continuation of an Arbitration for the Payment of Attorneys' Fees under the Debtor's Directors and Officers Liability Insurance Policy,* which appears as Docket No. 100 in the docket for the Plaintiff's bankruptcy case (the "Stay Relief Motion").

46. Based on calculations conducted subsequent to the commencement of the Arbitration, H&K has determined that the current correct balance of Attorneys' Fees that H&K is entitled to receive from the Plaintiff and/or the Defendant is actually $641,805.24, plus any interest accrued on such amount (the "Indemnification Claim").

47. With respect to the Attorneys' Fees, by an agreement dated February 2024 (the "Assignment Agreement"), the Former Directors assigned to H&K, for good and valid consideration, "all right, title, interest in, claims to, and proceeds from the indemnity obligations that are the subject of the pending Arbitration…, including without limitation any amounts recovered in connection with the Board Challenge Matter, Norcross/Driver Matter, the Audit Investigation and the Arbitration Matter." As a result, H&K now has the right to receive any and all indemnification and/or insurance proceeds that the Former Directors would have had the right to receive under the By-Laws and/or the Policy, giving H&K the right to be indemnified directly by the Defendant under Policy.

48. Section I.B of the Policy, entitled "Company Indemnification Insuring Agreement," sets out the terms under which the Defendant so-called "B-Side Coverage" under the indemnification provision of the Policy, providing that "the Insurer will pay *on behalf of the Company,* [any] Loss resulting from a Claim first made during the Policy Period or the Extended Reporting Period against the Insured Persons for Wrongful Acts for which the Company has

11

agreed to or is legally permitted or required by law to indemnify the Insured Persons." Policy § I.B (emphasis added). Thus, indemnification claims under the Policy are not payable or paid *to the Plaintiff*, but rather *on behalf of the Plaintiff*, with insurance disbursements being paid by the Defendant directly to the party or parties that the Plaintiff (as the "Insured" under the Policy) is permitted or required by law to indemnify.

49. The Defendant has received substantial and sufficient written notice of the Attorney's Fees and the Indemnification Claim from the Plaintiff and other parties.

50. As noted in paragraph 46 above, H&K has the right to receive any and all indemnification and/or insurance proceeds that the Former Directors would have had the right to receive under the By-Laws or the Policy as the Indemnification Claim, providing H&K with the right to be receive the Indemnification Claim directly from the Defendant under the "B-Side Coverage" of the Policy.

51. The Plaintiff desires and has the right to pursue this outstanding amount of the Indemnification Claim from the Defendant on behalf of H&K by accessing the proceeds of the Policy, as described above.

52. The Defendant's payment of the Indemnification Claim directly to H&K will benefit the Plaintiff by concomitantly reducing any and all claims that H&K has against the Plaintiff in the Plaintiff's bankruptcy case

53. Based on the Bylaws and the terms of the Policy described above, H&K has the right to be reimbursed in full by the Defendant for the Indemnification Claim

54. In the event that the Defendant reimburses H&K in full for the Indemnification Claim, as demanded in Count III below, the effect would be to moot the Arbitration and the Stay Relief Motion and to relieve the Plaintiff of any need to pay all or any portion of the

12

Indemnification Claim to H&K.

## COUNT I
### BREACH OF CONTRACT

55. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in the preceding paragraphs, as if set forth herein.

56. The Plaintiff and the Defendant entered into an agreement that is memorialized by the Policy. *See* **Exhibit B**.

57. The Policy is a valid, written and binding contract.

58. The Plaintiff performed its obligations under the Policy including but not limited to timely causing notice(s) of Claims to be provided to the Defendant in accordance with the Policy during the Policy Period, providing all required backup materials for the Claims, and corresponding with the Defendant in good faith about the Claims.

59. Plaintiff was entitled to a reimbursement of Defense Costs it advanced related to the Litigation and pursuant to the Policy.

60. Upon information and belief, Defendant breached the agreement memorialized in the Policy by failing to reimburse the Plaintiff for its defense costs and by acting in bad faith once it received the notice(s) of Claims.

61. As a result of Defendant's breaches of its obligations under the Policy, Plaintiff has been damaged, including but not limited to: (i) $9,381,357.31 in defense costs covered by the Policy, and (ii) damages related specifically to Defendant's bad faith coverage limitation and denial that resulted in the FDIC seizure of the Plaintiff's assets and its ultimate chapter 11 bankruptcy filing.

62. As a result of Defendant's breaches of the Policy, Plaintiff has been further damaged to the extent of its lost business opportunities that it would have consummated had

13

Defendant performed under the Policy, including but not limited to, loss of the underlying bank and loss of future profits.

## COUNT II – BAD FAITH DENIAL OF CLAIM

63. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in the preceding paragraphs, as if set forth herein.

64. The terms "Claim," "Wrongful Act," and "Insured" are clear and unambiguous in the Policy.

65. There is no doubt that each of the Claims was covered under the Policy because each Claim alleged a Wrongful Act specifically covered by the Policy.

66. When it analyzed the Claims, the Defendant took positions with regard to the Claims that relied upon documents outside of the Policy and contrary to the laws of the Commonwealth of Pennsylvania.

67. As outlined in the November 20, 2023 letter from Brian Doran, Esq., Defendant's positions were untenable, and Defendant did not have a reasonable basis for denying the claim for benefits under the Policy.

68. Moreover, Defendant either knew or recklessly disregarded its lack of reasonable basis in denying or limiting the Claims.

69. Based on the record Plaintiff compiled prior to the filing of the Complaint, Defendant acted unreasonably when it sent the Denial of Coverage Letters and completely and recklessly disregarded its own lack of diligence and a reasonable basis when it denied or limited coverage in this matter.

## COUNT III – PAYMENT OF INDEMNIFICATION CLAIM

70. Plaintiff hereby repeats, realleges, and incorporates by reference the allegations in the preceding paragraphs, as if set forth herein.

71. Under the terms of the Policy, H&K is entitled to receive the Indemnification Amount directly from the Defendant pursuant to the By-Laws and the Policy.

72. Upon information and belief, Defendant breached the agreement memorialized in the Policy by failing to reimburse and/or indemnify either the Former Directors, H&K or the Plaintiff for the Attorneys 'Fees and the Indemnification Amount and by acting in bad faith once it received the notice(s) of these claims.

73. As a result of Defendant's breaches of its obligations under the Policy, Plaintiff has been damaged, including but not limited to: (i) $641,805.24 in legal fees plus interest covered by the Policy, and (ii) damages related specifically to Defendant's bad faith coverage limitation and denial.

74. Under the Policy, the Plaintiff is entitled to have the Defendant pay the Indemnification Claim in full directly to H&K, which payment would thereby moot the Arbitration and the Stay Relief Motion and relieve the Plaintiff of any need to pay all or any portion of the Indemnification Claim to H&K.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Republic First Bancorp, Inc., requests that this Court grant judgment in its favor and against Defendant and order the following relief:

(A) A judgment for Plaintiff and against the Defendant on all causes of action;

(B) Reimbursement to the Plaintiff of $9,381,357.31 in defense costs covered by the Policy;

15

(C) Indemnification directly to H&K of $641,805.24 in Attorneys Fees plus interest covered by the Policy;

(D) An award of damages related specifically to the Defendant's bad faith conduct;

(E) An award of prejudgment and post-judgment interest;

(F) An award of punitive damages in an amount to be determined by the Court; and

(G) Any and all such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CIARDI CIARDI & ASTIN**

By:  /s/ Jennifer C. McEntee
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
aciardi@ciardilaw.com
jcranston@ciardilaw.com
Telephone: 215-557-3550
Facsimile: 215-557-3551

Date:   December 29, 2025

Ciardi Ciardi & Astin
Albert A. Ciardi III
Jennifer C. McEntee
1905 Spruce Street
Philadelphia PA 19103

16